No. 97-700

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 101N


MONTANA DEPARTMENT OF REVENUE,

Petitioner and Respondent,

v.

TIMOTHY JAMES ARCHER,

Respondent and Appellant.


APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Timothy James Archer, Pro Se, Kalispell, Montana

For Respondent:

Brendan R. Beatty, Tax Counsel; Department of Revenue;
Office of Legal Affairs; Helena, Montana


Submitted on Briefs: March 12, 1998

Decided:   April 30, 1998
Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1   Pursuant to Section I, paragraph 3(c), Montana Supreme Court 1996

Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   The Montana Department of Revenue petitioned the District Court for the First Judicial District in Lewis and Clark County for an order to require Timothy James Archer to file state income tax returns for 1994 and 1995, or to show cause why he should not file returns.  Archer moved to dismiss the action and to remove the matter to federal court.  After a hearing, the District Court denied the motions and ordered Archer to file the returns.  Archer appeals.  We affirm the order and judgment of the District Court.

¶3   There are two issues on appeal:

¶4   1.   Did the District Court err when it denied Archer's motion to remove this matter to federal court?

¶5   2.   Did the District Court err when it ordered Archer to file state income tax returns for 1994 and 1995?

FACTUAL BACKGROUND

¶6   Archer is a resident of Kalispell.  In 1994 and 1995, he was employed by the Daily InterLake Newspaper of Kalispell.  During those years, he earned $33,545.70 and $42,776.35, respectively, but failed to file a Montana income tax return for either year.

¶7   In November 1996, pursuant to § 15-30-316, MCA, the Montana Department of Revenue (DOR) sent Archer written notice of his failure to file state income tax returns for 1994 and 1995 and demanded that he file the returns.  Archer returned the notice to the DOR and indicated his refusal to file by writing "INVALID: REFUSED FOR CAUSE" on the notice.  In June 1997, the DOR petitioned the District Court for an order that Archer file the returns or show cause why he should not file.

¶8   Archer moved to dismiss the action.  He also moved to remove the matter to federal court.  The District Court heard arguments for and against the motions and denied them, due in large part to the lack of authority for Archer's claims.

ISSUE 1

¶9   Did the District Court err when it denied Archer's motion to remove this matter to federal court?

¶10  We review a district court's conclusions of law to determine whether they are correct.  See Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶11  Archer asks this Court to conclude that he has "grounds for and is

entitled to National Judicial Review, pursuant to original organic Venue and Jurisdiction." He has failed, however, to provide any authority for removal to federal court, although he seems to suggest via his attachment of a 1993 Public Law that "[a] person aggrieved by an action of the Secretary of the Treasury may bring a civil action in [federal court]." That reliance is misplaced.

¶12 It is well-established that matters regarding the enforcement of state income taxes are within the domain of state courts. Title 28 U.S.C. § 1341 states that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The tax returns sought in this case are required by Montana law, and Archer has failed to assert with any support that he is either denied an adequate remedy in the state court, or that his contentions are more appropriately a matter for federal court. Accordingly, there is no basis to remove the matter to federal court, and we conclude that the District Court did not err when it denied Archer's motion.

                              ISSUE 2

¶13 Did the District Court err when it ordered Archer to file state tax returns for 1994 and 1995?

¶14 Archer seems to suggest that he is not subject to income tax because he has not authorized the DOR or the District Court to impose an income tax upon him. The authority which he submits to support that belief, however, is unpersuasive to this Court.

¶15 Section 15-30-142, MCA, requires that all residents whose gross income exceeds a minimum amount must file a state income tax return for that year. Archer admits that his income in 1994 and 1995 exceeded the statutory threshold, yet he still refuses to file a return. Although his reply brief rejects the notion that the income had any intrinsic value to him, that is of no consequence pursuant to the statute. The mere fact that he received the money as income triggers the obligation to file a return.

¶16 Archer's contention that the imposition of a state income tax against him is unconstitutional is similarly unsupported. Accordingly, we hold that the District Court did not err when it ordered him to file state tax returns for 1994 and 1995.

¶17 We affirm the order and judgment of the District Court.


                    /S/  TERRY N. TRIEWEILER


We Concur:

/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  KARLA M. GRAY

/S/  W. WILLIAM LEAPHART